# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| German De Jesus Ventura, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 1:17-cv-1199-PMD-SVH |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, R.J. Stallings, | ) | |
| Mrs. Rosario, Dr. Fonte, Mr. Finnerty, | ) | |
| And Warden Bonita S. Mosely, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants' objection to United States Magistrate Judge Shiva V. Hodges' report and recommendation ("R & R") (ECF Nos. 32 & 30). The Magistrate Judge recommends that the Defendants' motion to dismiss be granted in part and denied in part. For the reasons stated herein, the Court overrules Defendants' objection and adopts the R & R, subject to the changes noted below.

## PROCEDURAL HISTORY

The Magistrate Judge issued her R & R on February 8, 2018, and Defendants filed their objection on February 22. Plaintiff did not file a reply. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's recommendations and proposed findings within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo

review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151–52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

Defendants object to the R & R on the basis that the Magistrate Judge improperly applied this Court's precedent regarding failure to exhaust administrative remedies. According to Defendants, the Magistrate Judge's reliance on the Fourth Circuit's decision in *Hill v. O'Brien*, 387 F. App'x 396 (4th Cir. 2010), is misplaced because Plaintiff has failed to provide any "evidence that he attempted to use the administrative remedy at the informal resolution or institutional level, other than his conclusory allegation that the Warden did not take his complaint

2

serious." (Defs.' Objs. R & R, ECF No. 32, at 5.) The Court disagrees and concludes that Defendants take too narrow a view of Plaintiff's allegations.

In addition to Plaintiff's *pro se* status, which requires that the Court liberally construe his complaint, the Court must also accept all of Plaintiff's well-pleaded allegations as true and draw all reasonable inferences from those facts in Plaintiff's favor at the motion to dismiss stage. *Hill*, 387 F. App'x at 398. Here, Plaintiff has alleged that he filed a grievance on August 8, 2014, and that he submitted that grievance to the warden of his institution. He further alleges that the warden, through an associate warden, returned his ripped up grievance to him and stated "this is what we think about your complaint." (Compl., ECF No. 1, at 6.) Plaintiff then filed a request for an administrative remedy with the regional director of the Bureau of Prisons for his claims of inadequate medical care on August 29, 2014. The regional director rejected Plaintiff's claims because he had failed to first file a BP-9—a grievance submitted to the warden—prior to filing his appeal to the regional director.

"An administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Hill*, 387 F. App'x at 400 (quoting *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)). Here, Plaintiff has alleged that the warden prevented him from using the Bureau of Prison's administrative remedy system by returning his torn up grievance to him and stating "this is what we think about your complaint." The Court agrees with the Magistrate Judge that, as in *Hill*, Plaintiff has sufficiently alleged facts demonstrating the unavailability of an administrative remedy such that his suit should be permitted to proceed. As a result, the Court overrules Defendants' objection and adopts that portion of the R & R.

The Magistrate Judge also recommended that Defendants' motion to dismiss be granted as to Plaintiff's FTCA claim.  Plaintiff did not file any objection to that recommendation.  As a result, the Court only reviews that portion of the R & R for clear error.  Finding none, the Court also adopts that portion of the R & R, but replaces "her" in the first sentence of the second paragraph on page eight with "his," and replaces "she" and "her" in the final paragraph of page eight with "he" and "his," respectively.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Defendants' objection is **OVERRULED**, that the R & R is **ADOPTED** subject to the changes set forth above, and that Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**June 14, 2018**
**Charleston, South Carolina**